## HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

September 30, 2020

Shan Zhu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: szhu@hanglaw.com

**VIA ECF**
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:   **Zhang v. Ken's Sushi Bistro Inc. et al**
               Case No. 1:19-cv-02594-VSB

Dear Honorable Judge Aaron:

      Plaintiff Xing Dong Zhang and defendants Ken's Sushi Bistro Inc., d/b/a Zenzo Sushi, Hong Zhang Chen (collectively, "Defendants") ask the Court to approve the settlement agreement reached in this matter. A copy of the fully executed settlement agreement is annexed hereto as **Exhibit A**.

### Settlement Amount

      Both parties believe that the settlement is fair and reasonable. Plaintiff brought this lawsuit claiming, among other things, violations of the minimum wage, overtime, and anti-retaliation clause violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, and the New York Labor Law ("NYLL").

      Plaintiff alleges that he was formerly employed as a delivery person at Defendants' sushi restaurant. Plaintiff Zhang alleges that he worked from March 4, 2015 to August 1, 2018. Plaintiff Zheng claims that Defendants paid him fixed daily rates at $1,300 per month from March 4, 2015 to December 31, 2015, $1,400 per month from January 2016 to December 2016, $1,500 per month from January 2017 to December 2017, and $1,600 per January 2018 to August 2018 regardless of the actual hours worked.

Hon. Stewart D. Aaron
Page 2

Plaintiff Zhang claims he worked six days per week with Tuesday off. On Monday, Wednesday, and Thursday, he worked from 10:00 am to around 10:00 pm each day without a break. On Friday and Saturday, Plaintiff worked from 10:00 am to 11:30 pm without a break. On Sunday, Plaintiff worked from 12:00 am to 10:30 pm without a break. Thus, Plaintiff Zhang claims he worked 68.5 hours per week.

Plaintiff Zhang further claims that he did not receive at-hire notices nor accurate wage statements.

If Plaintiff were to prevail on all of his claims, including minimum wages, overtime, anti-retaliation, and statutory damages for violations of Wage Theft Prevention Act, exclusive of attorney's fees, costs, and pre-judgment interest. They would be entitled to recovery totaling approximately $272,491.40[1]. Plaintiff is confident that he will be able to prove their allegations through witness testimonies and documentary evidence.

On the other hand, Defendants deny all of Plaintiff's allegations. Defendants contest Plaintiff's working hours and maintain that Plaintiff was paid for hours worked.

If Defendants were to prevail on all their defenses, the amount of damages owed to Plaintiff would be $0. Significantly, if the case goes to trial, Defendants believe they can demonstrate via documentary evidence and witness testimony that Plaintiff worked fewer hours than alleged, was properly compensated, and any additional work he undertook was outside the scope of his employment.

The gross settlement amount is $48,000.00 inclusive of Plaintiff's counsel's attorney's fees and costs of $16,483.27; and distribution to Plaintiffs in the amount of $31,516.73. The settlement reflects a reasonable compromise between the parties. The settlement considers the costs and uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' respective attorneys. Both parties agree the settlement is fair and reasonable. We believe this to be a fair resolution of this matter, due to certain *bona fide* disputes about the value of Plaintiff's claims and the risks attendant with continuing the litigation.

Should Plaintiff insist on further litigating this matter, the value of his damages would decrease not only due to ordinary litigation risks, but also with the passage of time, and the likelihood that any recovery would be paid out over a significant length of time. By settling now, Plaintiff ensures that he will get much of what they could potentially recover upfront, and he does so without having to face the possibility that his claims may be undermined at trial.

### **FLSA Settlement Approval**

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks

---

[1] Plaintiffs' damages calculation letter is attached hereto as Exhibit B.

faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 336 (citations omitted).

Here, the settlement amount represents a fair comprise considering that Plaintiff's potential recovery ranges from $0 to $272,491.40. The settlement reflects a fair and reasonable compromise of disputed issues rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013) (citation omitted). The settlement was reached after judicial intervention and litigation in this District. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted).

In addition, the parties face substantial litigation risks. The costs associated with trial weigh in favor of settlement approval. In light of the uncertainties associated with establishing liability, as well as Plaintiffs' desire to avoid future legal proceedings, the settlement amount reached here is reasonable. *Cf., e.g., Beckert v. Ronirubinov,* 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation)*;Martinez v. Hilton Hotels Corp*., 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc*., 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (holding that the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation").

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *See, e.g.*, *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). Here, counsel for both parties are experienced litigators. The undersigned practices primarily on employment law issues. Parties participated in the settlement conference before Hon. Judge Stewart D. Aaron before settling on the terms of this proposed settlement. Moreover, prior to entering into the settlement agreement, Plaintiff has thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Lastly, factors that weigh against settlement approval are absent in this case. The Plaintiff is no longer employed by Defendants so there is no likelihood that Plaintiff's circumstances will recur.

Hon. Stewart D. Aaron
Page 4

Additionally, this case presents no novel questions of law that would benefit future litigants from a mature record.

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorney's fees. Pursuant to our firm's agreement with the Plaintiff, the Firm will retain 1/3 of the Settlement Amount as attorney's fees and reimbursement for costs, which is $16,483.27. Based on previous experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorney's fees.

Attorney's fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorney's fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181-82 (S.D.N.Y. 2015). Therefore, as one-third is standard practice in FLSA claims, it is a fair number for this matter as well.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorney's contingency fees in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensate plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *see also Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorney's fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorney's fees in amount of one third of gross settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorney's fees of one third of the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

Therefore, the attorney's fees requested are reasonable under the circumstances. *Cf. Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM) (PK), 2018 U.S. Dist. LEXIS 75928, at *5 (E.D.N.Y. May 3, 2018) (holding attorney's fees request totaling 38% of the settlement fund reasonable because the attorney's fees requested "fall below the lodestar amount").

In addition, Plaintiff's request for attorney's fees are reasonable because it is supported by a "cross-check" using the lodestar method. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice "of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage"); *see also In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 373-74 (S.D.N.Y. 2013) (applying the lodestar "cross-check" to assess the reasonableness of fees calculated using the percentage method). Here, Plaintiffs' counsel spent approximately 103.30 hours on this matter. Were Plaintiffs billed hourly, the attorney's fees would amount to $30,924.90[2].

The hourly rate billed here is fair and reasonable.

The hourly rate of $350 requested by Jian hang, Esq., is reasonable. *See Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15-CV-4145 (ADS) (SIL), 2016 U.S. Dist. LEXIS 46462, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6. 2016) ("Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-$80 for legal support staff.").

Jian Hang is the principal of Hang Law and has represented Plaintiffs since the inception of this lawsuit. Mr. Hang has over ten years of experience litigating and trying cases in this area. He graduated from the Law School of University of Arkansas at Little Rock ("UALR") in 2005. He is a member of the bar in New York, Pennsylvania, District of Columbia, all four District Courts of New York, Middle District of Pennsylvania, Eastern District of Pennsylvania, District of Connecticut, and Court of Appeals for the District of Columbia Circuit. Prior to forming Hang & Associates, PLLC in January 2013, Mr. Hang practiced labor and employment law at Epstein, Becker, & Green, P.C., one of the most well recognized management-side labor and employment law firms in the country, for about eight (8) years. The undersigned respectfully submits that the many years of experience and the fact that Jian Hang's practice focuses primarily on employment law, with a significant percentage devoted to wage and hour litigation, warrants the hourly rate we seek in this case of $350 per hour.

The hourly rate of $300 requested by Ge Qu is reasonable. He has substantial experience litigating FLSA matters from pleading to trial representing both employees and employers. In addition to FLSA cases, He has litigated employment matters arising under Title VII, Family Medical Leave Act, and Equal Pay Act. He dedicated the majority of his time to FLSA matters including more than 20 cases in this District alone. In addition, he represents employees as well as employers before federal and state agencies such as the National Labor Relations Board, Equal Employment Opportunity Commission, and New York State Human Rights Division. For instance, he has successfully represented an employer from a retaliation charge filed with NLRB in connection, resulting in dismissal. He also represents commercial tenants in actions arising under Title III of the American with Disabilities Act. Hang Law has routinely billed his service to clients, including FLSA matters, at $300 per hour. He received a Juris Doctor degree from Fordham University School of Law in 2015; and an advanced LLM in Law & Entrepreneurship degree from Duke University School of Law.

---

[2] A contemporaneous time records kept by Plaintiffs' counsel are attached hereto as Exhibit C.

Hon. Stewart D. Aaron
Page 6

Jiajing Fan, Esq., has been practicing in employment and labor laws since September 2018. She received LLM-Legal Institutions Degree from the University of Wisconsin Madison Law School in 2016. Before she joined Hang & Associates, she had litigation assistance experience in housing laws litigations in Legal Actions of Wisconsin from December 2017 to May 2018. Since September 2018, she has had substantial experience litigating FLSA matters from pleading to trial representing both employees and employers. She has dedicated the majority of her time to FLSA matters including more than 30 cases in this District alone. Hang Law has routinely billed her service to clients since January 2019, including FLSA matters, at $300 per hour

The hourly rate of $300 requested by the undersigned is reasonable. I joined Hang & Associates in 2019. Before I join Hang & Associates, I worked for a boutique employment law firm in New Jersey since 2018 where I acquired my experience litigating FLSA matters representing both employees and employers. I also represented clients in complex commercial litigations. I received a Juris Doctor degree from Case Western Reserve University School of Law in January 2018; and an LLM from the same law school.

Therefore, the attorney's fees requested are reasonable under the circumstances. *Cf. Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM) (PK), 2018 U.S. Dist. LEXIS 75928, at *5 (E.D.N.Y. May 3, 2018) (holding attorney's fees request totaling 38% of the settlement fund reasonable because the attorney's fees requested "fall below the lodestar amount").

For all of the reasons set forth above, the parties ask the Court to approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

We thank the Court for its continued attention to this matter.

Respectfully,

*s/ Shan Zhu*
Shan Zhu, Esq.