UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Xing Dong Zhang, individually and on
behalf of all other persons similarly
situated,

                                Plaintiffs,

                      v.

Ken's Sushi Bistro Inc. d/b/a ZENZO Sushi,
Hong Zhang Chen,
"John" Chen, and
Xiaoxue Guan,

                                Defendants.

Case No.: 1:19-cv-02594

-----------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Xing Dong Zhang ("Plaintiff") on the one hand, Ken's Sushi Bistro Inc., d/b/a Zenzo Sushi, ("Defendant Corporation") and Hong Zhang Chen ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that they worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York (hereinafter, the "Court"), Civil Action No: 19-cv-02594 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws;

      WHEREAS, Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that any Plaintiffs have, had, or may have against any other, by way of this Settlement Agreement and Release ("Agreement"); and

      WHEREAS, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of all claims Plaintiff had against Defendants in the Litigation through the effective date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Forty-Eight Thousand Dollars (the "Installment Settlement Amount") as follow:

| Xing Dong Zhang | $31,516.73 by IRS Form 1099 |
|---|---|
| Hang & Associates PLLC | $ 16,483.27 ($724.9 in costs and $15,758.37 in attorneys' fees) by IRS Form 1099 |

Installment One through twenty-four: A check in the amount of One Thousand Three Hundred thirteen Dollars and twenty Cents ($1,313.20) made payable to "Xing Dong Zhang" A check in the amount of Six Hundred Eighty Six Dollars and Eighty Cents ($686.8) made payable to "Hang & Associates PLLC counsel for Xing Dong Zhang.". Checks shall be delivered within 30 days of the execution of this agreement. Starting the month after installment one is delivered, each of the remaining installments shall be delivered on or before the 30th day of each month.

(a) Concurrently with the exercise of the Agreement, Defendants shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as exhibits respectively. Defendants shall mail the signed confession of Judgment to the Plaintiff's counsel "Hang & Associates PLLC" at 136-20 38th Avenue, Suite 10G, Flushing, NY 11354 with seven (7) days of execution of this agreement. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff's counsel's escrow account; <u>and</u> (ii) Defendants fail to cure such default within seven (7) business days of receipt of written notice to be delivered to Defendants by certified mail to the address of 328 Mamaroneck Ave, Mamaroneck, NY 10543 and by email to their counsel, Huang, Chen & Wu, PLLC, at xhuang@hcwlawgroup.com. Any such Notice of Default shall be deemed received upon transmission.

(b) Checks/payments set forth above shall be delivered to the office of Hang & Associates, PLLC. to the attention of Jian Hang, Esq., 136-20 38th Avenue, Suite 10G, Flushing, NY 11354. Failure to deliver said checks shall constitute a default under the Agreement.

(c) Hang & Associates, PLLC shall be responsible for distributing the settlement payment to Plaintiff. Any settlement payment received before the Court's approval of this Agreement will be held in Plaintiff's counsel's escrow account pending Court's approval.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff and his heirs, executors, administrators, successors and assigns ("Releasors"), hereby expressly waives, releases, and forever discharge any and all claims that they had against the Defendants, or any of Defendants' respective current and former

owners, officers, directors, agents, attorneys, employees or representatives, or their successors in interest, arising out of or in connection with this Litigation, including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages.

3. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

4. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5. Acknowledgments: Plaintiff acknowledges that: he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. Notices: Notices required under this Agreement shall be in writing, by email, and shall be deemed given upon electronic transmission thereof. Notice hereunder shall be delivered, by email, to:

To Plaintiff:

Hang & Associates, PLLC
136-20 38th Ave., Suite 10G,
Flushing, NY 11354
608-520-4266
Email: jhang@hanglaw.com
Email: szhu@hanglaw.com

To Defendants:

Huang, Chen & Wu, PLLC
38-08 Union Street, Suite 9B
Flushing, NY 11354
Email: xhuang@hcwlawgroup.com

7. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the **Southern**

**District of New York** and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Stipulation of Dismissal and Settlement Approval</u>: Upon execution of this Agreement, Plaintiffs shall submit the Agreement together with the Stipulation of Dismissal with Prejudice in the form annexed hereto as Exhibit B to the Court for approval. This Settlement Agreement is contingent upon the Court's approval of the Settlement Agreement. If the Court refuses to grant final approval, the parties shall have 30 days from the denial to confer and see if they can agree to make amendments to cure the deficiencies identified by the Court. If the parties cannot reach an agreement to cure the deficiencies after 30 days, this Agreement may be voided at either party's option, in which case this Settlement Agreement will become void and will not be used for any purpose in connection with any further litigation in any lawsuit, administrative or other legal proceeding, claim, investigation, or complaint, except that the non-disclosure obligations in this Agreement will remain in effect.

9. <u>Effective Date:</u> This Agreement shall become effective upon execution and the Court's approval.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

11. <u>Release Notification</u>: Plaintiff discussed the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that his has consulted with Hang & Associates, PLLC., Plaintiff acknowledges that it is their choice to waive any claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Mandarin and that he understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission.

13. <u>Facsimile and Email Signatures</u>: Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for the purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This paragraph 13 does not apply to the signatures on the affidavits for confession of judgment, which must bear original signatures and not facsimile or emailed signatures.

PLAINTIFF

BY: _____  Date: _____
Xing Dong Zhang

DEFENDANT

BY: _____  Date: 09/30/2020
Ken's Sushi Bistro Inc., d/b/a Zenzo Sushi

DEFENDANT

BY: _____  Date: 09/30/2020
Hong Zhang Chen

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Xing Dong Zhang, individually and on
behalf of all other persons similarly
situated,

                                Plaintiffs,

Case No.: 1:19-cv-02594

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

                      v.

Ken's Sushi Bistro Inc. d/b/a ZENZO Sushi,
Hong Zhang Chen,
"John" Chen, and
Xiaoxue Guan,

                                Defendants.

------------------------------------------------------------X

STATE OF NEW YORK    )
                                  ) ss:
COUNTY OF              )

Hong Zhang Chen, being duly sworn, deposes and says:

    **1.**    I am living at 41-25 Kissena Blvd., Apt. 6LL, Flushing, NY 11355.

    **2.**    I have authority to sign on behalf of myself, and on behalf of Ken's Sushi Bistro Inc. and am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of Ken's Sushi Bistro Inc.

    **3.**    I hereby confess judgment and authorize entry of judgment against myself and Ken's Sushi Bistro Inc. (collectively, "Defendants"), jointly and severally, in favor of Plaintiffs for the sum of Seventy-two Thousand Dollars and No Cents ($72,000.00), less any settlement monies already paid, pursuant to the terms of the Settlement Agreement and General Release (the "Settlement Agreement"), entered into and signed by Plaintiffs and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923,

and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

4. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York, whereby the Defendants agreed to pay Plaintiff the total sum of $48,000.00.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement, Plaintiffs shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the corporations stated herein, collectively or individually, have any ownership interest.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel, Hang & Associates, PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

Sworn to and subscribed before me this
\_\_\_\_\_ day of _____, 2020.

Hong Zhang Chen

_____
NOTARY PUBLIC

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Xing Dong Zhang, individually and on
behalf of all other persons similarly
situated,

                              Plaintiffs,

                    v.

Ken's Sushi Bistro Inc. d/b/a ZENZO Sushi,
Hong Zhang Chen,
"John" Chen, and
Xiaoxue Guan,

                              Defendants.
-------------------------------------------------------------X

Case No.: 1:19-cv-02594

**STIPULATION OF DISMISSAL**

**IT IS HEREBY STIPULATED AND AGREED** by and between undersigned counsels, in accordance with the provisions of Rule 41(a)(1) of the Federal Rules of Civil Procedure, hereby dismiss this action, with prejudice and without an award of costs and disbursements.

Dated: September 29, 2020

Flushing, NY 11354


| HANG & ASSOCIATES, PLLC | HUANG, CHEN & WU, PLLC |
|---|---|
| By: *Shan Zhu* | By: _____ |
| Shan Zhu, Esq.<br>136-20 38th Ave., Suite 10G<br>Flushing, New York 11354<br>Telephone: (718) 353-8588<br>*Attorneys for Plaintiffs* | Xue Huang, Esq.<br>38-08 Union Street, Suite 9B<br>Flushing, NY 11354<br>Telephone: 718-886-5900<br>*Attorneys for Defendants* |


SO ORDERED.

_____

Hon. Steward D. Aaron

10